In the Matter of the Accounting of WILLIAM SHARP et al., as Administrators *de bonis non* of GEORGE W. SHARP, Deceased.

WILLIAM SHARP et al., as Administrators *de bonis non* of GEORGE W. SHARP, Deceased, Petitioners; STATE TAX COMMISSION et al., Respondents.

Surrogate's Court, Kings County, December 10, 1942.

*Milchman & Olliffe* for petitioners.

*Harry M. Peyser* for State Tax Commission, **respondent.**

*Andrew W. Tully* for F. J. Creighton, respondent.

*Field & Field* for Edward P. Orrell, Jr., respondent.

*Murray T. Berman* claimant *pro se,* respondent.

*Thomas E. White* for Fidelity and Deposit Company of Maryland, respondent.

*Manheim Rosenzweig* for American Newspapers, Inc., respondent.

*William J. McArthur* for United States Fidelity and Guaranty Company, respondent.

McGAREY, S. This proceeding involves the determination of the right of the State Tax Commission to payment of a transfer tax heretofore assessed herein prior to the adoption of the Estate Tax Law in this State (Tax Law, art. 10-C, as added by L. 1930, ch. 710). The question presented is whether the lien of the State Tax Commission must be satisfied and paid prior to the payment of certain unpaid administration expenses incurred by the administrators *de bonis non.*

The decedent died intestate on May 5, 1928, and a *pro forma* order fixing the tax was entered on December 30, 1929. No appeal was taken therefrom and a warrant was filed by the State Tax Commission on May 16, 1939, in the offices of the Clerks of the counties where the realty of which the decedent died seized was situated.

The administrators *de bonis non* were appointed in 1931. On July 26, 1937, they presented an account of their proceedings together with a petition for its judicial settlement and further sought leave to sell the realty for the payment of administration expenses and debts. Two parcels of realty were sold for $2,750, and the present balance in the hands of the administrators *de bonis non* as shown by their supplemental account is the sum of $2,482.18. Subsequent to the entry of the order authorizing a sale, the warrant filed by the State Tax Commission was vacated by stipulation to enable the administrators *de bonis non* to convey marketable title.

The State Tax Commission asserts that by virtue of its lien it is entitled to payment of the tax in preference to the unpaid administration expenses. The court does not agree with that contention. It believes that the lien of the tax applies only to the net proceeds of the sale of the real estate after providing for the reasonable and proper expenses of administration and the payment of decedent's funeral expenses and other debts. It is necessary for the estate to be administered before the tax can be paid. However, if through the fault of the administrators *de bonis non,* or their predecessors in office, the assets of the estate have been dissipated or reduced in amount so that there are no funds available for the payment of the tax, or if the administration or funeral expenses are excessive or otherwise improper, or if it is claimed that the debts are not proper, their liability therefor may be determined upon the filing of appropriate objections.

The State Tax Commission, being a necessary and proper party to this proceeding by reason of the unpaid transfer tax due to the State of New York, is accorded the right to file objections to the account and supplemental accounts on or before the 15th day of January, 1943. In default thereof the matter may proceed to decree in conformity herewith.

Proceed accordingly.